UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DONALD ANTHONY WILLIAMS,
        *Defendant-Appellant.*

No. 02-4592

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-421)

Submitted: December 11, 2002

Decided: January 29, 2003

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Donald Cowan, Jr., SMITH MOORE, L.L.P., Greensboro, North
Carolina, for Appellant. Anna Mills Wagoner, United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Anthony Williams appeals his conviction following a guilty plea to one count of possession with intent to distribute 490.9 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000), one count of possession with intent to distribute 2,975.7 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000). Williams was sentenced to 225 months for the drug charges and sixty months, to run consecutively, for the firearms charge, and five years of supervised release. We affirm.

Williams' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, Williams' counsel briefed four issues, all of which counsel ultimately concluded were not meritorious: (1) whether Williams' waiver of his appellate rights was knowing and voluntary; (2) whether the district court fully complied with the requirements of Fed. R. Crim. P. 11; (3) whether the district court had a sufficient factual basis to accept the guilty plea; and (4) whether the district court abused its discretion when it denied Williams' motion to withdraw his guilty plea. Williams filed a pro se supplemental brief in which he argues the district court erred in denying his motion to withdraw his guilty plea and arguing his plea was not knowing and voluntary because his sentence was longer than he expected based on the representations of his attorney.

First, a defendant may waive the right to appeal if that waiver is a knowing and intelligent decision to forgo the right to appeal. *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). This Court reviews the validity of a waiver de novo. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). We conclude Williams' waiver of his appellate rights was knowing and voluntary. Hence, even if Williams could identify error committed below, he would not be entitled to relief.

Second, because Williams sought to withdraw his guilty plea in the district court, we apply harmless error review to the Rule 11 errors he

asserts. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) ("'[I]n the Rule 11 context, violations are evaluated under a harmless error standard.'" (quoting *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (citations omitted))); *cf. United States v. Martinez*, 277 F.3d 517, 524 & n.8 (4th Cir. 2002) (reviewing alleged Rule 11 errors for plain error because the defendant did not seek to withdraw his guilty plea in the district court). Under the harmless error standard, we may vacate a conviction made pursuant to a plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the record and find no error.

Third, under Fed. R. Crim. P. 11(f), the court should not enter a judgment on a guilty plea without making a satisfactory inquiry as to the factual basis for the plea. The district court's determination of whether a factual basis exists for a guilty plea is reversed only for abuse of discretion. United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). We conclude the district court did not abuse its discretion when it accepted the factual basis for the guilty plea.

Finally, we review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Sparks*, 67 F.3d 1145, 1150 (4th Cir. 1995); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Based on the factors set forth in *Moore*, we conclude the district court did not err when it denied Williams' motion to withdraw his guilty plea.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Williams' conviction. We deny Williams' counsel's motion to withdraw at this time and require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*